UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
JOE HAND PROMOTIONS, INC. as Broadcast
Licensee of the June 25, 2005, Gatti/Mayweather             :
Program,
                                                            :

               Plaintiff,                   :        06 Civ. 6709 (DAB) (GWG)

               -v.-                         :        <ins>REPORT AND
                                                          RECOMMENDATION</ins>
LORENZO RODRIGUEZ, Individually, and as                     :
officer, director, shareholder and/or principal of
PANCHA GROCERY CORP., d/b/a PANCHA                          :
GROCERY, and PANCHA GROCERY CORP.,
d/b/a PANCHA GROCERY,                                       :

               Defendants.                  :

------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

I.     BACKGROUND

On September 5, 2006, plaintiff Joe Hand Productions, Inc. ("Joe Hand") filed a complaint against defendants Lorenzo Rodriguez and Pancha Grocery Corp. Joe Hand alleges in the complaint that the defendants made an unauthorized interception of the broadcast of a boxing match on June 25, 2005, at an establishment in Manhattan. In its complaint, Joe Hand alleges violations of the Federal Communications Act of 1934, 47 U.S.C. §§ 605(a), 605(e)(4), and 553, and seeks damages in the amount of $270,000. The defendants were served but did not answer. See Complaint, filed Sept. 5, 2006 (Docket # 1) ("Compl."); Affidavits of Service, filed Nov. 2, 2006 (Docket ## 3-4).

On April 10, 2007, Joe Hand filed a motion for a default judgment seeking $110,000 in

1

statutory and enhanced damages, as well as costs, from the defendants.  See Notice of Motion, filed Apr. 10, 2007 (Docket # 7).  On June 1, 2007, the district court entered a Default Judgment against defendants.  See Default Judgment, filed June 1, 2007 (Docket # 12).  The case was then referred to the undersigned for an inquest regarding damages.  See Order of Reference to a Magistrate Judge, filed June 1, 2007 (Docket # 13).

Thereafter, this Court issued an Order giving defendants until July 20, 2007, to respond to Joe Hand's submissions supporting its motion for default.  See Scheduling Order for Damages Inquest, filed June 5, 2007 (Docket # 14) ("Scheduling Order"), ¶¶ 1-2.  The Order also notified both parties that, absent a request from either side that the Court hold a hearing, the Court would conduct its inquest regarding damages based solely upon the parties' written submissions.  Id. ¶ 3.  A copy of the Order was mailed to defendants at their address of service.  See id.; Compl. ¶ 10.  Joe Hand did not request a hearing on the issue of damages.  As of this date, the defendants have made no submission at all.

The Second Circuit has held that an inquest into damages may be held on the basis of documentary evidence "as long as [the Court has] ensured that there was a basis for the damages specified in [the] default judgment."  Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989); accord Action S.A. v. Marc Rich & Co. Inc., 951 F.2d 504, 508 (2d Cir. 1991), cert. denied, 503 U.S. 1006 (1992).  As Joe Hand's submissions provide such a basis, no hearing is required.

II.	FINDINGS OF FACT AND CONCLUSIONS OF LAW

In light of the defendants' default, Joe Hand's properly-pleaded allegations, except those relating to damages, are accepted as true.  See, e.g., Cotton v. Slone, 4 F.3d 176, 181 (2d Cir.

1993) ("factual allegations are taken as true in light of the general default judgment");
Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993); Time Warner Cable v. Barnes, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998). The following findings of fact and conclusions of law are based on the complaint's allegations regarding liability and the admissible evidence regarding damages in Joe Hand's submissions.

 A. Facts Relating to Liability

Joe Hand is a Pennsylvania corporation with its principal place of business at 407 East Pennsylvania Boulevard, Feasterville, Pennsylvania 19053. Compl. ¶ 5. Pancha Grocery, located at 429 West 125th Street, New York, New York 10027, is either a corporation, partnership, or sole proprietorship. Id. ¶¶ 10-13. Rodriguez is an officer, director, shareholder, and/or principal of Pancha Grocery. Id. ¶¶ 7-9.

Joe Hand had the right to distribute a program identified as the "Gatti/Mayweather program" scheduled for June 25, 2005, via closed circuit television and via encrypted satellite signal. Id. ¶ 15. This signal was retransmitted to cable systems and satellite companies. Id. The defendants intercepted this signal without authorization. Id. ¶ 18. They also used an illegal satellite receiver to obtain the broadcast. Id. ¶ 19.

 B. Statutory Damages

  1. The Law on Damages

The unauthorized interception or reception of any cable television programming services that originate and are delivered by satellite (or any other means) is a violation of 47 U.S.C.

§§ 553(a)(1) and 605(a).¹ See, e.g., Barnes, 13 F. Supp. 2d at 547-48 (citing Int'l Cablevision, Inc. v. Sykes, 75 F.3d 123, 133 (2d Cir.), cert. denied, 519 U.S. 929 (1996)). The defendants violated both sections by using or assisting in the use of an unauthorized converter-decoder to intercept and receive Joe Hand's cable television programming services. Compl. ¶¶ 18-19.² Because Joe Hand has a proprietary interest in the intercepted communications, see id. ¶ 15, it is entitled to bring this action as a "person aggrieved" within the meaning of 47 U.S.C. §§ 605(e)(3)(A) and 605(d)(6).

Where a defendant's conduct has violated both sections 553 and 605, a plaintiff may recover damages under one of those sections only. See, e.g., Sykes, 75 F.3d at 129; Barnes, 13 F. Supp. 2d at 548. In this instance, Joe Hand has elected to recover under the damages provision of section 605. See Plaintiff's Memorandum of Law, filed Apr. 10, 2007 (Docket # 10) ("P. Mem."), at 5.³ This section permits a "statutory damage" award of between $1,000 and $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). Additionally, where the violation is "willful" and

---

¹ 47 U.S.C. § 553(a)(1) provides in pertinent part that:

No person shall intercept or receive . . . any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

47 U.S.C. § 605(a) provides in pertinent part that:

No person not being authorized by the sender shall intercept any radio communication and divulge or publish the . . . contents . . . of such intercepted communication to any person.

² Joe Hand's complaint also alleges a violation of 47 U.S.C. § 605(e)(4), which relates, inter alia, to devices used for unauthorized decryption of satellite cable programming. Compl. ¶¶ 26-27. Because Joe Hand's papers do not seek damages related to this claim, we do not consider this statute further.

³ The Court has added the page numbers to this submission.

"for purposes of . . . commercial advantage," a court may award what is commonly referred to as "enhanced damages" of up to $100,000. 47 U.S.C. § 605(e)(3)(C)(ii).

The statute provides that the court is to award statutory damages to a victim "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II); see Kingvision Pay-Per-View v. Lalaleo, 429 F. Supp. 2d 506, 513 (E.D.N.Y. 2006) (citing Time Warner Cable v. Taco Rapido Rest., 988 F. Supp. 107, 110 (E.D.N.Y. 1997)). It provides no further guidance on how damages should be awarded. Case law reflects that a court may consider "the pecuniary loss sustained by the victim as a result of the offense, the financial resources of the defendant, . . . the financial needs and earning ability of the defendant . . . as well as the burden that a damage award would impose on the defendant relative to the burden alternative relief would impose." Kingvision Pay-Per-View Ltd. v. Palaguachi, 2007 WL 42994, at *3 (E.D.N.Y. Jan. 3, 2007) (citing cases). The deterrence value of the award is also a permissible factor. Sykes, 75 F.3d at 132.

Here, defendants' refusal to respond to the request for damages has left the Court with no information as to any of the factors relating to the defendants' circumstances. Thus, the Court draws every inference on these points against the defendants.

.    2.    Joe Hand's Request

The first question to be considered is whether Joe Hand is entitled to "enhanced damages," which it seeks here. See P. Mem. at 10. In light of the defendants' failure to appear in this action, the Court assumes their actions were willful. There is, however, no evidence that would permit a finding that the defendants' actions were "for the purposes of . . . commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). The affidavit submitted by plaintiff states that its investigator was able to observe a television at the defendants'

5

establishment showing the program on Saturday, June 25, 2005, between 11:39 and 11:45 p.m. Affidavit of Richard Rodriguez, filed Apr. 10, 2007 (annexed as Ex. D to Plaintiff's Affidavit for Default, filed Apr. 10, 2007 (Docket # 8)). The investigator describes the defendants' establishment as a "Grocery." Id. While he indicates that the television set was "near the counter," he does not state whether the set was easily viewable by any patron of the establishment. Id. For example, the set might have been facing the operator of the cash register. The investigator's sketch of the store's floor plan does not indicate the areas of the store from which the television was visible. See id. The investigator states that there were 15 people in the grocery store but does not state that any of these individuals were watching the television. See id. All of this information was readily available to the investigator.

In light of this absence of evidence as to whether other patrons could view or were viewing the television set, the Court cannot find that the interception of the broadcast was "for the purposes of . . . commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).

Under the standard damages provision, this Court must award a minimum of $1,000 and a maximum of $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). Case law reflects that "statutory damages" of $5,000 have commonly been awarded in cases of interceptions of broadcasts. See, e.g., Kingvision Pay-Per-View Ltd. v. Brito, 2006 WL 728408, at *2 (S.D.N.Y. Mar. 20, 2006); Kingvision Pay-Per-View, Ltd. v. Ruiz, 2005 WL 589403, at *2-3 (S.D.N.Y. Mar. 9, 2005). These courts have then added an additional amount for "enhanced damages." Such cases, however, contained a record as to how many viewers were watching the program and other facts that would justify a significant award. This case contains no such facts.

6

In light of the paucity of information in plaintiff's submissions – information that had to have been readily available to plaintiff's investigator – an award at the lower end of the statutory damages scale is appropriate. The Court believes $2,500 is an adequate award to accomplish the purposes of the statute.

    C.    <u>Attorneys' Fees and Costs</u>

        1.    <u>Attorneys' Fees</u>

Joe Hand has submitted a document titled, "Attorney's Affidavit of Costs and Fees." Attorney's Affidavit of Costs and Fees, filed Apr. 10, 2007 (Docket # 9) ("Lonstein Aff."). This document, however, does not include a request for any fees. Accordingly, no attorneys' fees should be awarded.

        2.    <u>Costs</u>

Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), Joe Hand is entitled to "full costs." Joe Hand seeks as costs the $350 filing fee, and a $200 charge for service of process of Lorenzo Rodriguez and Pancha Grocery. <u>See</u> Lonstein Aff. The cost of filing and service of process is reasonable and supported by documentary evidence. <u>See</u> Mountain Support Services Invoice, dated Oct. 3, 2006 (reproduced as Ex. A of Lonstein Aff.).

    D.    <u>Summary of Award</u>

In sum, the total award should be as follows:

| | |
|---|---|
| Statutory Damages under 47 U.S.C. § 605(e)(3)(C)(i)(II): | $2,500.00 |
| Costs: | $ 550.00 |
| Total: | $3,050.00 |

Conclusion

Joe Hand should be awarded judgment against defendants in the amount of $3,050.00.[4]

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Deborah A. Batts, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Batts. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: November 13, 2007
       New York, New York

                                              _____
                                              GABRIEL W. GORENSTEIN
                                              United States Magistrate Judge

---

[4] Joint and several liability is appropriate based on the allegation that both defendants were responsible for the acts giving rise to liability. See, e.g., Entm't by J&J Inc. v. Medina, 2002 WL 273306, at *3 (S.D.N.Y. Feb. 26, 2002) (citing cases); accord Olivares, 2004 WL 744226, at *5.

Copies sent to:

Julie Cohen Lonstein, Esq.
Lonstein Law Office, P.C.
1 Terrace Hill
P.O. Box 351
Ellenville, New York 12428

Lorenzo Rodriguez
429 West 125th Street
New York, New York 10027

Hon. Deborah A. Batts
United States District Judge

Conclusion

Joe Hand should be awarded judgment against defendants in the amount of $3,050.00.[4]

## **PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Deborah A. Batts, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Batts. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: November 13, 2007
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[4] Joint and several liability is appropriate based on the allegation that both defendants were responsible for the acts giving rise to liability. See, e.g., Entm't by J&J Inc. v. Medina, 2002 WL 273306, at *3 (S.D.N.Y. Feb. 26, 2002) (citing cases); accord Olivares, 2004 WL 744226, at *5.

8